UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

FILED

2007 DEC 27 AM 8:09

U.S.
W.D.N.Y.-

PAUL HENRY, 07A1742 and
TIMMY WALKER, 07A1072,

                Plaintiffs,

                                                    **DECISION AND ORDER**
        -v-                                         07-CV-6563Fe

FIVE POINTS CORRECTIONAL FACILITY;
Hon. ANDREW CUOMO, NYS Attorney General
and JOHN B. LEMPKE, Superintendent,

                Defendants.

## INTRODUCTION

        Plaintiffs, Paul Henry and Timmy Walker, inmates of the Five Points

Correctional Facility, have filed this *pro se* action seeking relief under

42 U.S.C. § 1983 (Docket No. 1) and have both requested permission to proceed

*in forma pauperis* and filed signed Authorizations (Docket Nos. 2 and 3).

Plaintiffs claims that the defendants, Five Points Correctional Facility, New York

State Attorney General Andrew Cuomo and Superintendent John B. Lempke

violated their rights by the practice of involuntary double-bunking at Five Points

Correctional Facility, the unnecessary delay or denial of access to medical care,

problems with legal and non-legal mail delivery and the failure to supervise

corrections officers who engage in wrong-doing and retaliate against those who

complain.  For the reasons discussed below, plaintiffs' requests to proceed as

poor persons are granted, but unless plaintiffs file an amended complaint as

directed below, the complaint will be dismissed with prejudice pursuant to

28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiffs' claims are all subject to subject to dismissal with prejudice.

There is no indication in the complaint or attached exhibits that the allegations

raised relate to either of the plaintiffs personally.  The complaint alleges all

violations in the abstract, with no factual allegation that any of the violations were

directed at, or happened to, either of the plaintiffs.  Although plaintiffs have styled

this action as a class action, they have not alleged any facts that would show that

they, personally, have standing to bring these complaints.

To establish standing in federal court, any party bringing a lawsuit must

allege an actual case or controversy.  *See O'Shea v. Littleton*, 414 U.S. 488, 493

(1974).  Specifically, a plaintiff must demonstrate that (1) he or she has suffered

an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal

court decision is likely to redress the injury.  *See Northeastern Florida*

*Contractors v. City of Jacksonville*, 508 U.S. 656, 663 (1993).  Plaintiffs have not

alleges such facts.

Furthermore, representation on federal action may be either through

counsel or on one's own behalf, as set forth in 28 U.S.C. § 1654, which reads as

follows:

> In all courts of the United States the parties may plead and conduct
> their own cases personally or by counsel as, by the rules of such

2

courts, respectively, are permitted to manage and conduct causes therein.
28 U.S.C. § 1654 (1994).  This statute has been interpreted "to allow for two
types of representation:  'that by an attorney admitted to the practice of law by a
governmental regulatory body and that by a person representing himself.   The
statute does not allow for unlicensed laymen to represent anyone else other than
themselves.' "  *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir.
1991) (quoting *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D.Tex.
1975), *aff'd sub nom.  Pilla v. American Bar Ass'n,* 542 F.2d 56 (8th Cir. 1976));
*see also Cheung v. Youth Orchestra Found.,* 906 F.2d 59, 61-62 (2d Cir. 1990).

> The constitutional limits on standing eliminate claims in
> which the plaintiff has failed to make out a case or
> controversy between himself and the defendant.  In
> order to satisfy [the Constitution], the plaintiff must show
> that he personally has suffered some actual or
> threatened injury as a result of the putatively illegal
> conduct of the defendant.

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).  "[W]hen a
plaintiff lacks standing the court must dismiss the case on that ground, and it is
unnecessary to intimate a view as to the merits of the claim."  *Schiavone v.
United States*, 766 F.2d 70, 75 (2d Cir. 1985) (quoting *Linda R.S. v. Richard D.*,
410 U.S. 614, 619 n. 6 (1973)).

Therefore, although plaintiffs have a right to proceed *pro se* in civil actions
pursuant to 28 U .S.C. § 1654, a *pro se* plaintiff may not seek to represent the
interests of third-parties.  *See Iannaccone v. Law,* 142 F.3d 553, 558 (2d
Cir.1998).  Moreover, it is well established that "a *pro se* class representative

3

cannot adequately represent the interests of other class members." 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25[4][c][v] (3d ed.2003). Because plaintiffs do not appear to be asserting any individual claims, the action is subject to dismissal.

However, the Court will permit plaintiffs to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiffs may amend the complaint to allege facts that indicate that they, themselves, were subject to violations of their constitutional rights. Plaintiffs must also allege in what manner each named defendant was personally involved in the violation of each of their rights.

## CONCLUSION

Because plaintiffs have met the statutory requirements of 28 U.S.C. § 1915(a) and filed Authorizations, their requests to proceed *in forma pauperis* are granted. For the reasons set forth above, plaintiffs' complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless they file an amended complaint by **January 22, 2008** in which they include the necessary allegations regarding their claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

4

Plaintiffs are advised that an amended complaint is intended to <u>completely</u> <u>replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiffs' amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiffs are forewarned that if they fail to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiffs are further forewarned that their right to pursue further relief in federal court at public expense will be greatly curtailed if they have three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiffs' motions to proceed *in forma pauperis* are granted;

FURTHER, that plaintiffs are granted leave to file an amended complaint as directed above by **January 22, 2008**;

5

FURTHER, that the Clerk of the Court is directed to send to plaintiffs with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiffs fail to file an amended complaint as directed above by **January 22, 2008**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiffs have failed to file an amended complaint by **January 22, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiffs have failed to file an amended complaint by **January 22, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:      Dec, 21 , 2007