-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL HENRY, 07A1742 and
TIMMY WALKER, 07A1072;

                    Plaintiffs,

          -v-                                    07-CV-6563Fe
                                                 **ORDER**
Hon. ANDREW CUOMO, NYS Attorney General
and JOHN B. LEMPKE, Superintendent,

                    Defendants.

_____


## **INTRODUCTION**

     Plaintiffs pro se, Paul Henry and Timmy Walker, inmates of the
Five Points Correctional Facility, were directed to amend their
purported class action complaint to describe how each had been
individually subjected to constitutional violation and what each
defendant had specifically done that violated their rights (Docket
No. 4).  Both plaintiffs have now filed amended complaints that
allege different things as to each plaintiff, and make no
allegations against either of the two named defendants.  Each has
now named only Andrew Cuomo, Attorney General of the State of New
York and John Lempke, Superintendent of Five Points Correctional
Facility, omitting to rename Five Points Correctional Facility in
their amended complaints.  For the reasons discussed below, unless
plaintiffs file a second amended complaint as directed below, the
amended complaints will be dismissed with prejudice pursuant to
28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**DISCUSSION**

As with the original complaint, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of these amended complaints.  In evaluating the amended complaints, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiffs' favor.  See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98, 2007 WL 1989336, *5 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007).  "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must

allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the amended complaints, the Court finds that, unless plaintiffs file a second amended complaint as directed below, plaintiffs' claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiffs' claims are again all subject to dismissal with prejudice.  In the previous complaint there was no indication that the allegations made related to either of the plaintiffs personally.  The plaintiffs have now provided further allegations.  Nevertheless, they have not allege any facts about the two named defendants, much less their personal involvement in the alleged violations.  Nor have they, on the whole, alleged claims with sufficient detail that the Court could determine if they could state a claim against anyone.

**Paul Henry's Allegations**

Paul Henry alleges that unnamed mailroom personnel opened legal mail outside of his presence; unnamed mailroom personnel delayed, detained and destroyed in-coming and outgoing mail; he had to wait more than a month to see a doctor; C.O. Payne wrote a false

3

misbehavior report that was upheld despite plaintiff showing contradictory evidence to the hearing officer; and finally, in a claim with no indication how the separate allegations relate to each other, plaintiff alleges that he was required to double-cell on pain of being sent to the Box, plaintiff suffers acute bronchitis and was never screened for this, nor diagnosed, and he is exposed to environmental tobacco smoke. The Court also notes that plaintiff clearly indicates that he has not exhausted some of these claims.[1]

**Timmy Walker's Allegations**

Timmy Walker alleges that C.O. Payne repeatedly left plaintiff's name off of the "call out" list for religious services; Gallery Officers repeatedly gave his mail to other persons; plaintiff's mail has been delayed and destroyed by unnamed mailroom personnel; and Sgt. DePerno wrote a false misbehavior report.

As indicated above, plaintiffs have each named only Andrew Cuomo, the Attorney General of the State of New York and John Lempke, the Superintendent of Five Points. No allegations in either amended complaint relate to these two named defendants. Plaintiffs both fail to allege that either named defendant did anything, much less that they were responsible for the acts

---

[1] See 28 U.S.C. § 1997 regarding the requirement to exhaust prior to filing § 1983 complaint; see also Abney v. McGinnis, 380 F.3d 663 (2d Cir.2004); Giano v. Goord, 380 F.3d 670 (2d Cir.2004); Hemphill v. New York, 380 F.3d 680 (2d Cir.2004); Johnson v. Testman, 380 F.3d 691 (2d Cir.2004); Ortiz v. McBride, 380 F.3d 649 (2d Cir.2004)(Cases discussing the parameters of the requirement to exhaust claims under § 1983).

alleged.  The following discussion in <u>Richardson v. Goord</u>, 347 F.3d
431 (2d Cir. 2003) makes clear why personal involvement of a
defendant, even a supervisory defendant, is required to maintain an
action under § 1983:

> '[S]upervisor liability in a § 1983 action depends on a
> showing of some personal responsibility, and cannot rest
> on respondeat superior.' <u>Hernandez v. Keane</u>, 341 F.3d
> 137, 144 (2d Cir.2003) (citing <u>Al-Jundi v. Estate of
> Rockefeller</u>, 885 F.2d 1060, 1065 (2d Cir.1989)).  To
> establish the liability of a supervisory official under
> § 1983, a plaintiff must show the defendant's personal
> involvement in the alleged constitutional violations.
> <u>See</u> <u>Green v. Bauvi</u>, 46 F.3d 189, 194 (2d Cir.1995).  By
> the same token, however, mere 'linkage in the prison
> chain of command' is insufficient to implicate a state
> commissioner of corrections or a prison superintendent in
> a § 1983 claim.  <u>Ayers v. Coughlin</u>, 780 F.2d 205, 210 (2d
> Cir.1985); <u>see also</u> <u>Wright v.Smith</u>, 21 F.3d 496, 501 (2d
> Cir.1994) (noting that a defendant in a § 1983 action may
> not be held liable for constitutional violations merely
> because he held a high position of authority).
>
> Supervisor liability under § 1983 "can be shown in one or
> more of the following ways: (1) actual direct
> participation in the constitutional violation, (2)
> failure to remedy a wrong after being informed through a
> report or appeal, (3) creation of a policy or custom that
> sanctioned conduct amounting to a constitutional
> violation, or allowing such a policy or custom to
> continue, (4) grossly negligent supervision of
> subordinates who committed a violation, or (5) failure to
> act on information indicating that unconstitutional acts
> were occurring."  <u>Hernandez</u>, 341 F.3d at 145; <u>see also</u>
> <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir.1995).

<u>Richardson v. Goord</u>, 347 F.3d 431 (2d Cir. 2003).

However, the Court will permit plaintiffs to file a second
amended complaint in which the necessary allegations regarding
these issues are included.  <u>Davidson v. Flynn</u>, 32 F.3d 27, 31 (2d

Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").  Plaintiffs should keep in mind that this is the second time the Court is allowing plaintiffs to amend.  Such permission should be taken very seriously and with consideration that the Court need not allow unlimited efforts to state a claim.  Plaintiffs may amend the amended complaints to allege specific facts that indicate that the two named defendants, themselves, were personally responsible for violations of their constitutional rights.  If plaintiffs name any other defendants, they must also allege in what manner each named defendant was personally involved in each violation of their rights.

If plaintiff Henry chooses to amend, he must specifically address the following in order to give the defendants adequate notice of his claims and to allow the Court to determine if he can state a claim for relief.

- He must state who of the mailroom personnel opened what legal mail  outside of his presence on what date or dates.

- He must state who of the mailroom personnel delayed, detained and destroyed what in-coming and outgoing mail on what date or dates.

- He must state what he communicated to Five Points staff when he asked to see a doctor and waited more than a month to see

doctor.  He must specifically state whom he spoke with and when, what he told them, when he saw a doctor and what happened that he considers a denial of necessary medical care.

- With regard to the allegation that C.O. Payne wrote a false misbehavior report which was upheld despite plaintiff showing contradictory evidence to the hearing officer, there is no constitutional claim for being falsely accused.  However, because the grievance exhibit attached to the complaint alleges that the misbehavior report was retaliatory, plaintiff may amend to allege specific, non-conclusory facts that demonstrate that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Because plaintiff indicates that the basis of his claim is due process and he alleges that the "facility upheld that report even though Plaintiff showed evidence to the contrary to the Hearing Officer", he is granted permission to amend the claim to state what evidence he gave the hearing officer, and why the hearing officer's finding otherwise constituted a denial of due process.

- With regard to plaintiff's last claim; an unexplained listing of assertions relating to double-celling, bronchitis and exposure to environmental tobacco smoke; plaintiff must state the facts his claim is based on and in what manner he feels it demonstrates that the named defendants violated specific

constitutional rights.  The Court notes that plaintiff clearly indicates that he has not exhausted the last of these claims.[2]

If plaintiff Walker chooses to amend he must specifically address, as discussed above, how the two named defendants were personally responsible for the alleged constitutional violations.

- Plaintiff must also address who repeatedly left plaintiff's name off of the call out list for religious services.  His amended complaint alleges that C.O. Payne was responsible, but this allegation is contradicted by his grievance that he attached to the amended complaint, which alleges that the "bubble control" officer, not Payne was responsible for that.

- He must allege what Gallery Officers repeatedly gave which of his mail to other persons and when, and in what manner his concern was not previously addressed, since the grievance he attached to his amended complaint indicates that the problem was acknowledged and plaintiff does not appear to allege that the problematic process continued thereafter.

- He must allege who of the mailroom personnel delayed and destroyed plaintiff's mail and when.

- He must address what about Sgt. DePerno writing an allegedly false misbehavior report raises a due process or other

---

[2]See 28 U.S.C. § 1997 regarding the requirement to exhaust prior to filing § 1983 complaint; see also *Abney v. McGinnis,* 380 F.3d 663 (2d Cir.2004); *Giano v. Goord,* 380 F.3d 670 (2d Cir.2004); *Hemphill v. New York,* 380 F.3d 680 (2d Cir.2004); *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004); *Ortiz v. McBride,* 380 F.3d 649 (2d Cir.2004)(Cases discussing the parameters of the requirement to exhaust claims under § 1983).

constitutional violation, since he has alleged no helpful facts.

Although it appears that the allegations of the two different plaintiffs now reflect so few similarities that it may no longer be appropriate to allow them to proceed as one case, that determination will await the Court's review of any second amended complaint filed.

### CONCLUSION

For the reasons set forth above, plaintiffs' amended complaints must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless they file an amended complaint by **March 31, 2008** in which they include the necessary allegations regarding their claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiffs are advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiffs are again reminded that their second amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the second amended

complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiffs are forewarned that if they fail to file a second amended complaint as directed, the amended complaints will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiffs are further forewarned that their right to pursue further relief in federal court at public expense will be greatly curtailed if they have three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiffs are granted leave to file a second amended complaint as directed above by **March 31, 2008**;

FURTHER, that the Clerk of the Court is directed to send to plaintiffs with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiffs fail to file a second amended complaint as directed above by **March 31, 2008,** the amended complaints shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the amended complaints are dismissed because plaintiffs have failed to file a second amended complaint by **March 31, 2008,** the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the amended complaints are dismissed because plaintiffs have failed to file a second amended complaint by **March 31, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). Further requests to proceed on appeal <u>in forma pauperis</u> should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     February 19, 2008
           Rochester, New York