UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL HENRY,
and all those similarly situated,


                              Plaintiff,

                                                        DECISION AND ORDER

                                                        07-CV-6563L


                    v.


SUPERINTENDENT JOHN B. LEMPKE,
GRETCHEN BOWER,
JAMES P. GREGOIRE,
ALICE MOSES,



                              Defendants.

_____


## INTRODUCTION

Plaintiff Paul Henry ("plaintiff"), proceeding *pro se*, brings this action against Five Points

Correctional Facility ("Facility") Superintendent John Lempke, and three Facility employees; civilian

mail room clerk Gretchen Bower, Dr. James P. Gregoire, and nurse Alice Moses.  In brief, plaintiff

alleges that the defendants tampered with his correspondence and denied him adequate medical care

during his incarceration, in violation of his First, Eighth and Fourteenth Amendment rights and 42

U.S.C. §1983 ("Section 1983").

Plaintiff commenced this action on November 14, 2007. On March 17, 2009, the defendants moved to dismiss plaintiff's claims, in part, pursuant to Fed. R. Civ. Proc. 12(b)(1) and (c) (Dkt. #21). On November 9, 2009, plaintiff moved to amend his complaint (Dkt. #35). That motion was granted by order of Magistrate Judge Jonathan Feldman on November 19, 2009 (Dkt. #37). The Fourth Amended Complaint, now the operative pleading, expanded plaintiff's claims concerning alleged prison mail tampering to include additional incidents, and added an additional claim for denial of medical care. I note that the subsequent amendments to the complaint do not relate to the grounds upon which defendants previously moved, nor do they otherwise impact the Court's analysis of the present motion.

For the reasons set forth below, the defendants' motion to dismiss plaintiff's claims in part (Dkt. #21) is granted, and plaintiff's claims against Superintendent Lempke, as well as his claims against the defendants in their official capacities, are dismissed.

**DISCUSSION**

**I.      Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and (c)**

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed jurisdictional issues of fact. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### A.      Plaintiff's Claims Against the Defendants in Their Official Capacity

In his Fourth Amended Complaint, the plaintiff alleges claims against the defendants in both their individual and official capacities, and seeks money damages. However, it is well-settled that absent waiver by the State or valid congressional override, claims against state defendants in their official capacities for money damages are barred by the Eleventh Amendment. *See* U.S. Const. amend. XI; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Sommer v. City of Suffolk*, 306 Fed. Appx. 660, 662 (2d Cir. 2009). Although Section 1984 claims seeking "prospective, injunctive relief from violations of federal law" may be asserted against officials in their official capacity, plaintiff's instant "claims" for injunctive relief are stated only as requests for a "permanent injunction order enjoining defendants from the practice[s] set forth" elsewhere in the complaint (Dkt. #35-1). Plaintiff's complaint does not, however, describe any present or ongoing "practices" to be enjoined: rather, plaintiff alleges a number of discrete, personal incidents. Nowhere does plaintiff allege that other inmates have been subjected to similar treatment or that the defendants continue to maintain

a policy of mail tampering or denial of medical care, nor does he describe any other ongoing violation of federal law that could state a claim for injunctive relief against any of the defendants in their official capacities. *See State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2006), *citing Ex parte Young*, 209 U.S. 123 (1908). *See also Dawkins v. Hudacs*, 1996 U.S. Dist. LEXIS 327 at *6 (N.D.N.Y. 1996) (where plaintiff alleges only isolated constitutional deprivations, and not a continuing violation, his claim for damages and injunctive relief against a state defendant in his official capacity is barred by the Eleventh Amendment); *Prisco v. New York*, 1995 U.S. Dist. LEXIS 17449 at *13-*15 (S.D.N.Y. 1995) (same). Thus, plaintiff's claims against the defendants in their official capacities must be dismissed.

**B.      Plaintiff's Claims Against Superintendent Lempke**

The Fourth Amended Complaint alleges that nurse Alice Moses and physician James P. Gregoire failed to provide timely medical treatment to the plaintiff, and that mail room clerk Gretchen Bower tampered with correspondence sent by or to plaintiff. Plaintiff makes no factual allegations concerning the fourth individual defendant, Superintendent Lempke.

Section 1983 liability cannot be premised upon a theory of *respondeat superior*. *See generally Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Where, as here, monetary damages are sought pursuant to Section 1983, supervisory officials may only be held liable for constitutional violations where they were personally involved in unconstitutional conduct. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Personal involvement may be shown where the supervisor: (1) directly participated in the violation; (2) failed to remedy the violation after it was brought to his attention;

(3) created or fostered a policy or custom wherein such violations occurred; (4) was grossly negligent in supervising subordinates who committed the violation; or (5) showed deliberate indifference to the rights of others by failing to act on information that constitutional violations were occurring. *See Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d 496 at 501.

Plaintiff makes no factual allegations whatsoever against Lempke, although exhibits attached to the complaint allude to the Superintendent's having found grievances made by the plaintiff to be unsubstantiated. To the extent that Lempke may have, in the course of his official duties, denied or affirmed the denial of certain grievances filed by the plaintiff, "the denial of [a] plaintiff's grievance – [where that] is all that is alleged against him – is insufficient to establish personal involvement [in a constitutional violation]" by a prison superintendent. *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002). *See also Smith v. Fischer*, 2009 U.S. Dist. LEXIS 122752 at *30-*31 (N.D.N.Y. 2009); *Hidalgo v. Kikendall*, 2009 U.S. Dist. LEXIS 66020 at *10 (S.D.N.Y. 2009); *Ramsey v. Goord*, 2005 U.S. Dist. LEXIS 42953 at *28 (W.D.N.Y. 2005). *Cf. McKenna v. Wright*, 386 F.3d 432, 437-38 (2d Cir. 2004) (although "it is questionable whether an adjudicator's rejection of an administrative grievance would make him liable for the conduct complained of," where a deputy superintendent accused of improperly rejecting an inmate's denial-of-treatment grievances was also responsible for the prison's medical program, those facts taken together comprise sufficient personal involvement with withstand dismissal of the inmate's Section 1983 claim against the deputy superintendent).

Accordingly, plaintiff's claims against Superintendent Lempke must be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (Dkt. #21) is granted.  Plaintiff's

claims against the individual defendants in their official capacities, as well as all of his claims against

Superintendent Lempke, are hereby dismissed, with prejudice.  Plaintiff's motions to stay the case

pending the outcome of the appeal of his underlying conviction (Dkt. #40) and for discovery and/or

sanctions (Dkt. #47) are denied.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
        January 20, 2010.